Bland, Chancellor.
Ordered, that the exceptions of the plaintiffs to the answer of the defendant Thomas Tyson be and they are hereby ruled good ; and that he make a sufficient answer to all the several matters and allegations of the bill on or before the second day of June next, or the same may, after that day, be taken pro confesso.
The time allowed by this order for putting in a sufficient answer having elapsed, and the defendant Thomas Tyson having failed to answer as required, the plaintiffs brought the matter before the court, and moved that the case might proceed as against him, and the other defendants.
10th July, 1828. — Bland, Chancellor. — Where the answer of the only person who has been made a defendant is, upon exceptions, held to be insufficient, the plaintiff is authorized, according to the English course of proceeding, to take the case up where it stood when the insufficient answer was filed, and proceed thenceforward against the defendant, so as to have him committed to custody until he does answer, or to have the bill taken pro confesso ; because an insufficient answer is as no answer at all. (a) And so, where only one of the defendants stands in the situation of not having answered sufficiently, the like course must be had against him alone, so as to enable the plaintiff to proceed with effect against the other defendants.(b)
Upon this principle, and as it has been provided by our acts of Assembly, that, where a defendant fails to answer, the bill may be taken pro confesso ;(c) so here where only one of the defendants has contumaciously neglected to put in a sufficient answer, after his first had been determined to be insufficient, it must be allowable and is essentially necessary, to have the bill taken pro confesso as against him alone, so as to enable the plaintiff to proceed safely and with effect against him together with the other defendants.
Whereupon it is decreed, that the bill of complaint be and the same is hereby taken pro confesso as against the defendant Thomas Tyson ; and the plaintiffs are allowed further to proceed with their *561 case, according to the course of the court, in such manner as they may deem proper.
After which the defendants,'who had some time previously put in their answers, by their petition prayed, that, as the plaintiffs did not reside within this State, they might be ordered to give security for costs.
20th April, 1829. — Bland, Chancellor. — As the origin and principles of the practice in relation to this matter do not appear to be as generally understood as they should be, I shall avail myself of this occasion to speak of the subject more fully than might otherwise be deemed necessary.
At common law a plaintiff was required in all cases to give pledges to prosecute his suit with effect, or to abide the consequences. This however was not, strictly speaking, giving security for costs; because although a plaintiff might be fined for making a false claim, yet costs, by the common law, were not recoverable in any case.(d) The pledges to prosecute have, however, long since become obsolete.(e) The rule security for costs is applied only against nonresidents; and is of recent origin in the courts of common law of England; so láte as the year 1750, in a case in which it was moved, that the plaintiff, who was a merchant residing in. France, might'be required to give security for costs, it was refused; because, as was said, it would affect trade and be excluding foreigners from obtaining justice.(f) Some years after-wards it became a settled general rule to allow the defendant, even after issue joined, to demand security for costs in all cases where the plaintiff resided beyond the jurisdiction of the court; and on the security not being given to have the suit dismissed, (g) But a resident plaintiff, as it would seem, cannot be required to give security for costs merely on account of his poverty. (h)
In Maryland a plaintiff was at no time required to give pledges to prosecute; but it appears, that if a nonresident himself applied to sue out original process for the commencement of an action he might be called on to give security for costs, (i) and if he did not himself so institute his suit, the attorney employed by him was *562 required to put in security for costs.(j) By laws, passed since the revolution, it is declared, that in all suits brought by persons not resident of the State, or who may remove out of it, after the commencement of the action, the defendant may lay a rule, at or before the trial court, on the plaintiff to give security for costs ; upon the failure to comply with which he may be nonsuited. (k) It is evident from these and other legislative enactments, that the rule security for costs as against nonresident, and in, some instances against resident plaintiffs, was frequently resorted to in our courts of common law from a very early period.(l)
Soon after the chancellorship had become active and important as a judicial office in England, it was declared by a statute passed in the year 1393, that the Chancellor, upon any suggestion being found untrue, should have the power to award damages according to his discretion to him who had been so unduly troubled. This statute is said to be the foundation of the authority by which costs in chancery are given in England; and according to which it has been the practice in the Province and State of Maryland, and still continues to be, to give costs in all cases, except only in so far as it has been modified and controlled by the constitution and the acts of Assembly regulating officers’ fees.(m) In the year 1436, to prevent the vexatious institution of suits in chancery in England for matters determinable by the common law, it was declared by statute, that no subpcena should be granted until security was given to satisfy the party grieved for his damages and expenses if the matter of the bill should not b.e made good.(n) This legislative enactment required a plaintiff in chancery in all cases to give security for costs. It is said, however, that this law has by degrees gone out of use or altogether vanished; and that an entirely different *563 course has long prevailed in England.(o) This English statute never was in force in Maryland; but here as in England security for costs might always have been required of a nonresident plaintiff, (p)
In general the name, description, and place of abode of the plaintiff should be set forth in the bill, that the court and defendants may know where to resort to compel obedience to any order or process, and particularly for payment of any costs which may be awarded against the plaintiff, or to punish any improper conduct in the course of the suit.(q)
As to the cases in which a plaintiff may be required to give security for costs, it may be regarded as settled, that when it appears upon the face of the bill, that the plaintiff is a nonresident of the State, or where it is shewn that the defendant, before he answers, knows that the plaintiff, who does not belong to the army or navy of the United States, resides beyond the jurisdiction of the court, it is of course, on application, to compel him to give security, (r) But if the defendant, being aware of the non-residence of the plaintiff, answers the bill or applies for time, security will not be required, (s) If the plaintiff stiles himself in his bill, of a place where he cannot be found, he must give security for costs, (t) If the defendant, at the time of answering, be ignorant of the residency abroad, he may as soon as the fact comes to *564 his knowledge, obtain security ;(u) and the same rule applies where the plaintiff after answer abandons the State and resides abroad, (v) But if the defendant after being apprised of the fact, by an insufficient answer, or an answer filed by mistake, or by any proceeding in the case, recognises the plaintiff’s right to sue, he cannot obtain security for costs.(w) Nor'will the plaintiff in a cross bill be required to give security for costs, though residing out of the jurisdiction of the court. Where a prochein ami has taken the benefit of the insolvent- law, or has been withdrawn and a new one appointed, security may be required for the costs already incurred. (x) And where a plaintiff is out of the reach of the process of the court by being under the protection of a foreign ambassador, he may be required to give security, (y) The simple fact of the plaintiff having gone abroad, is not a sufficient ground to require security,(z) it must appear that he has gone to reside abroad, (a) If after answer, it appears by affidavit, that the plaintiff, though gone abroad, intends to return, his family remaining in this State, he will not be compelled to give security for costs.(b) If there is a co-plaintiff Residing within the jurisdiction, security will not be required from the plaintiff resident abroad, the defendant having security from the resident plaintiffs.(c) And although any monarch of a foreign nation with whom the United States are at peace,(d) or any one of the States of the Union may be permitted to institute a suit 'in our courts against any of our citizens ; yet such monarch or co-state may be required to give security for costs, (e)
It would seem, that in England the demand upon the plaintiff to give security for costs may in all cases be made either by motion or petition setting forth the facts upon which the application is made.(f) But here, in cases where the fact of the nonresidence appears upon the face of the bill, it has always been the practice in this court, and certainly is the easiest and best course, to move within the sittings of a term, as at law to lay a rule upon the docket, that the plaintiff be required to give security for costs dur *565 ing the sittings of the next succeeding term.(g) But if the fact of the nonresidence of the plaintiff does not appear upon the face, of the bill; or if he has after filing his bill left the State, then the matter must be brought before the court by petition, and a special order obtained, to be served on the plaintiff-’s solicitor, or, if he has none, to be entered short upon the docket, requiring security for costs to be given, unless cause shewn by a particular day. The form of the security is a recognisance or bond to the State in a penalty - sufficient to cover the costs, with surety resident within the state, to be approved by the Chancellor. (h)
In this case the bill itself states, that the plaintiffs are nonresidents, and, consequently, the answers and subsequent proceedings of the defendants have amounted to a waiver of the right on their part to lay the plaintiffs under a rule to give security for costs.
Whereupon it is ordered, that the petition of the defendants be and the same is hereby dismissed with costs.
This case was afterwards entered agreed.

 Child v. Brabson, 2 Ves. 110; Turner v. Turner, Dick. 316; Davis v. Davis, 2 Atk. 24; Darwent v. Walton, 2 Atk. 510; Gregor v. Ld. Arundel, 8 Ves. 88.

 1 Fow. Exch. Pra. 199; Royall v. Johnson, 1 Rand. 421.

 1799, ch. 79, s. 1; Clapham v. Clapham, ante, 126.

 2 Inst. 288.

 3 Blac. Com. 274.

 Lamii v. Sewell, 1 Wils. 266; Maxwell v. Mayer, 2 Burr. 1026.

 Denn, ex dim. Lucas v. Fulford, 2 Burr. 1177; Parquot v. Eling, 1 H. Blac. 106; Fitzgerald v. Whitmore, 1 T. R. 362; Carr v. Shaw, 6 T. R. 496.

 Golding v. Barlow, Cowp. 24; Tidd. Prac. 478.

 1715, ch. 29.

 1715, ch. 29; 1729, ch. 20, s. 2.

 1796, ch. 43, s. 12; 1801, ch. 74, s. 9.

 1768, ch. 29, s. 24; 1794, ch. 54, s. 10; 2 Harr. Ent. 51, 118, 617.

 17 Rich. 2, c. 6; Park. His. Co. Chan. 35; 2 Mad. Chan. 543; Kilty’s Rep. 224; Declaration Rights, art. 30; 1779, ch. 25; 1826, ch. 247.
“ December, 1670, Ordered, that upon all rehearings and dismissions the costs paid before rehearing of the business to the defendant, if the business go for the plaintiff, the defendant to pay back the said costs again to the plaintiff; and ’this order to be observed for the future in this court.”
" Ordered also, that the register taire fees in this court as the officers of this court in England, having one penny sterling for every pound of tobacco; and that he compute fifteen lines to be a sheet, and seven or eight words in each line; and that Iot every such sheet writing, engrossing, Copying, or enrolling, he charge but eight pounds of tobacco, or eight pence sterling.” — Chan. Proc. lib. C. D. fol. 42.

 15 Hen. 6, c. 4.

 1 Harr. Prac. Chan. 200; 2 Mad. Chan. 543.

 Kilty’s Rep. 62.
Jansy v. Clause. — It is alleged by the attorney for the defendant, that the defendant is ready to putin his answer to the plaintiffs’ bill, provided the plaintiffs who are foreigners, and live out of the jurisdiction of this province, or their attorney, or some one else for them, will give security to pay such costs of suit as this court shall adjudge in case the said plaintiffs’ bill be dismissed.
14th February, 1670. — Per Curiam. — Whereupon it is ordered that no further proceedings be had in the said cause till such security be given as aforesaid. And after-wards no security having been given as required, the bill was dismissed. — Chan. Proc. lib. C. D. 29, 41.

 1 Fow. Exch. Pra. 26.

 1 Fow. Exch. Pra. 278; Melioroucchy v. Melioroucchy, 2 Ves. 24; Dick. 147; Anonymous, 10 Ves. 287; Colebrook v. Jones, Dick. 154.

 Craig v. Bolton, 2 Bro. C. C. 609.

 2 Fow. Exch. Pra. 311; Stackpoole v. O’Callaghan, 1 Ball & Bea. 566.
Fisher v. Keene. — The plaintiff’s attorney being demanded by this court if he would give security for costs, if, upon hearing of the business, the bill should be dismissed; and he refusing, the complainant having, at present, December 1670, no visible estate in the Province: It was Ordered by this court, that the complainant’s said bill be dismissed; and that the said Fisher complainant, or Simon Warren his attorney, pay to the defendant the sum of three pounds six shillings and eight pence for costs ; and that decree pass out of this court for the same against the said Fisher, or his attorney Simon Warren. — Chan. Proc. lib. C. D. fol. 41.

 Lonergan v. Rokeby, Dick. 799.

 Weeks v. Cole, 14 Ves. 518.

 Dyott v. Dyott, 1 Mad. Rep. 186.

 Pennington v. Alvin, 1 Sim. &. Stew. 264.

 Adderly v. Smith, Dick. 355.

 Hoby v. Hitchcock, 5 Ves. 699.

 Green v. Charnock, 3 Bro. C. C. 371; Dick. 775.

 White v. Greathead, 15 Ves. 2.

 Winthorp v. Royal Exch. Ass. Comp., Dick. 282; Walker v. Easterby, 6 Ves. 612.

 City of Berne v. Bank of England, 9 Ves. 347.

 1 Hovend. Sup. to Ves. 149; 1785, ch. 36.

 2 Harr. Pra. Chan. 60; 2 Mad. Chan. 270.

 Dennis, &c. Assignees of D, A Bankrupt, v. Greenbury. — 1714.—Ordered, that security be given for costs in the sum of five thousand pounds of tobacco; bond to be given in six weeks or the bill to be dismissed. — Chan. Proc. lib. P. L. fol. 75.
Falconer v. Blay — 1715.—Bill dismissed with costs for want of security being given according to the rule of last court. — Chan. Proc. lib. P. L. fol. 122.
Hanbury v. Vernon. — 1731.—Upon motion of the defendant’s counsel, Ordered that security for costs be given. Edmund Jenings becomes security for the same.— Chan. Proc. lib. S. R. No. 2, fol. 225.
Cheney v. Cheney. — 1773.—Rule security for costs and fees next court. — Chan. Proc. lib. W. K. No. 1, fol. 314.
Bryden v. Chase. — 20th December, 1810. — The plaintiff was a resident of New York. Rule on the plaintiff to give security for costs before the 5th day of February term 1811. Rule enlarged to the fourth day of July term 1811.
The Lord Proprietary v. Carroll. — 1738.—Information, &c. — Upon motion of the defendant’s counsel, Ordered, that security for costs be given by next court; the person at whose relation the information is filed being a nonresident. — Chan. Proc. lib. J. R. No. 3, fol. 465.

 Upon which there may be as it appears a “ scire facias against the security for costs on the recognisance,” 1763, ch. 18, s. 89; or an attachment as at common law, 2 Harr. Ent. 617.